IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES KING, | : | |
| Petitioner | : | Civil No. 3:15-cv-2483 |
| | : | |
| v. | : | (Judge Nealon) |
| | : | (Magistrate Judge Mehachick) |
| WARDEN DAVID EBBERT, | : | |
| Respondent | : | |

FILED
SCRANTON
DEC 1 6 2016
PER _____
DEPUTY CLERK

**MEMORANDUM**

On December 28, 2015, Petitioner, James King, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania, ("USP-Lewisburg"), filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 alleging a violation of his procedural due process rights after he was charged with a violation of Code 111, "Introduction of narcotics," because he allegedly "proved beyond a reasonable doubt that there was no evidence that [he] sold suboxone, or any other drug, to any inmate" and presented evidence to the contrary. (Doc. 1, p. 10). On September 6, 2016, Respondent filed a response to the petition. (Doc. 10). On September 21, 2016, Petitioner filed a traverse. (Doc. 11). On November 28, 2016, Magistrate Judge Mehalchick a Report and Recommendation ("R&R"), recommending that this Court dismiss the petition with prejudice. (Doc. 13, pp. 34-36, 38). Defendant filed objections on December 15, 2016. (Doc. 14). For the reasons set forth below, the objections will be overruled, the R&R will be adopted,

and Plaintiff's petition for writ of habeas corpus will be dismissed with prejudice.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of

the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

In his petition, Petitioner alleges that his procedural due process rights were violated because he proved beyond a reasonable doubt that he was not guilty of violating Code 111, "Introduction of narcotics." (Doc. 1). More specifically, he asserts that he presented evidence that undermined the evidence the DHO relied on in determining that he violated Code 111. (Id.). Respondent argues that Petitioner's writ for habeas corpus should be denied because he was provided procedural due process being that the requirements laid out by Wolff and the evidentiary standard for prison disciplinary proceedings were both met. (Doc. 10, pp. 8-10).

Magistrate Judge Mehalchick issued the R&R at hand, in which she provides the factual and procedural background of the case, and the appropriate standard of review for a habeas corpus petition filed under 28 U.S.C. § 2241. (Doc. 17, pp. 8-12, 20-23). Ultimately, Magistrate Judge Mehalchick concludes the following:

> The record reflects that the DHO met the requisite evidentiary

standard in determining that Petitioner committed the Code 111 violation. As noted above, even "meager" evidentiary support is sufficient to sustain the result of a prison disciplinary proceeding on federal habeas review. Williams v. Werlinger, 451 F. App'x 127, 130 (3d Cir. 2011) (not precedential)[]. "The 'some evidence' standard does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Speight v. Minor, 245 F. App'x 213, 216 (3d Cir. 2007) (not precedential). Thus, "[t]he sufficiency standard is met where a DHO supports a finding of culpability solely by reference to an incident report compiled by a corrections officer." Moles v. Holt, 221 F. App'x 92, 94 (3d Cir. 2007) (not precedential); see also Speight, 245 F. App'x at 217 ("[T]he disciplinary hearing record, specifically the charging officer's report, although meager, constitutes some evidence supporting the DHO's decision in [the] [petitioner's] case."). Here, the DHO had considerable additional evidence beyond the incident report to support his conclusion that [Petitioner] committed the prohibited act. For instance, the DHO considered the memorandums provided by prison staff members F. Ortiz and M. Butler, who tested the intercepted mail and confirmed that the contents contained the drug Suboxone. ([] Doc. 1, at 15). The DHO also considered the investigative report by SIA C. Heath, including Heath's interview of Laubach in which Laubach allegedly admitted that she sent and received envelopes on [Petitioner's] behalf. ([] Doc. 1, at 15-16). Finally, the DHO even had documentary evidence in the form of photocopies of the money orders in Biedrzycki's name. ([] Doc. 1, at 14). The record reveals the existence of specific documentary evidence that clearly exceeds the "some evidence" standard. To the extent that [Petitioner] challenged the DHO's credibility determinations regarding that evidence and puts forth new evidence in support of his innocence of the charge, it is simply not the role of this Court to "reweigh evidence or make credibility assessments in determining whether the 'some evidence' standard is met . . . ." Werlinger,

> 451 F. App'x at 130. Because this Court concludes that there was "some evidence" in the record to support the DHO's decision, it is respectfully recommended that [the petition for writ of habeas corpus be dismissed].

(Doc. 13, pp. 34-36).

In his objections, Petitioner again asserts that there was not enough evidence (i.e. "some evidence") to determine that he violated Code 111, and that he had evidence to the contrary that proved his innocence of this violation. (Doc. 14, pp. 1-2). This is a reiteration of the assertion he contended in his petition that has already been addressed by Magistrate Judge Mehalchick in the instant R&R. (Doc. 13, pp. 34-36). Consequently, because Plaintiff is merely repeating an argument that was thoroughly addressed by the Magistrate Judge and is not making specific objections to the R&R, judicial economy demands the R&R be reviewed for clear error as opposed to de novo review. See Hutson v. Vaughn, 2004 WL 717178 (E.D. Pa. 2004) (Overruling the objections after determining that petitioner's objections simply restated his prior contentions and that the Magistrate Judge properly reviewed the arguments in the Report and Recommendation), affirmed, 262 Fed. Appx. 474 (3d Cir. 2008). See also Cruz, 990 F. Supp. at 377 (In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public

reputation of judicial proceedings.). Thus, Petitioner's objections, (Doc. 14), will be overruled as non-specific due to the reiteration of the assertions already made in the petition, (Doc. 1).

Furthermore, this Court finding no clear error with Magistrate Judge Mehalchick's extremely thorough analysis in the R&R at hand, it will be adopted as such, and the petition for writ of habeas corpus, (Doc. 1), will be dismissed with prejudice.

A separate Order will be issued.

**Date:** December 16, 2016

/s/ **William J. Nealon**
**United States District Judge**